# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAMIREZ, MARIA RAMIREZ and as surviving heirs of JORGE RAMIREZ, deceased,<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, Captain ROB AHERN, an individual, Deputy MARK RITCHIE, an individual, and DOES 1-100 inclusive,<br>Defendants. | CASE NO. 06 CV 1111 JM (JMA)<br><br>**ORDER DENYING MOTION TO BE RELIEVED AS COUNSEL** |

Plaintiffs filed this action on May 19, 2006, alleging various claims arising under 42 U.S.C. § 1983 and California law. Now, John V. Bell, counsel for plaintiffs Benny Ramirez and Maria Ramirez, moves to withdraw as counsel. See Docket No. 15. Defendants oppose the motion. After considering the parties' papers, the court hereby **DENIES** the motion for failure to serve proper notice on plaintiffs as required by local rule.

## I.   BACKGROUND

This action arises out of the alleged shooting death of Jorge Ramirez by a San Diego county sheriff deputy. The shooting occurred in connection with an alleged convenience store robbery. Plaintiffs Benny Ramirez and Maria Ramirez are the father and mother of Jorge.

/ / /

/ / /

/ / /

1   No pretrial or trial date has yet been set in this case.  On December 8, 2006, Magistrate Judge
2   Adler issued monetary sanctions against Mr. Bell in the amount of $250 for failure to comply with
3   three court orders.[1]

4   Mr. Bell now moves to withdraw on the ground that communication between counsel and
5   plaintiffs has broken down.  Defendants argue that (1) Mr. Bell's withdrawal would prejudice
6   Defendants and (2) plaintiffs were not served with proper notice of the present motion.

**II.   ANALYSIS**

    **A.   Prejudice**

Defendants argue that they will be prejudiced if the motion is granted because in light of Mr. Bell's numerous failures to appear, his withdrawal would leave Defendants with "the burden of litigating this case without any assurances that the prospective pro per plaintiffs have a residence, business or job where they can be readily contacted for discussions and service of process."  Oppo. at 2.  However, the proof of service filed December 19, 2006 shows that plaintiffs can be reached at 114 Clark Street, Escondido, CA  92025.  See Docket No. 18.  There is no reason to think that Defendants cannot readily contact plaintiffs at this address.[2]  Therefore, granting the motion will not prejudice Defendants.

    **B.   Notice**

A notice of motion and all supporting documents must be filed at least 28 calendar days prior to the hearing date.  CivLR 7.1(e)(1).  This 28-day period is enlarged by three (3) days to 31 days when service is effected by mail and addressed to a place within California, which how service was effected on plaintiffs here.  CivLR 7.1(e)(4); see Docket No. 18.

/ / /

/ / /

---

[1] Mr. Bell had (1) failed to bring his clients to a November 7, 2006 Early Neutral Evaluation Conference, (2) failed to appear at a November 17, 2006 telephonic Case Management Conference, and (3) failed to appear (by sending another attorney to appear for him) for an OSC hearing held on December 7, 2006 on why sanctions should not be imposed. See Docket No. 16.

[2] Moreover, the argument that a motion to withdraw should be denied because the non-moving party will be unable to contact or otherwise communicate with the unrepresented party is without merit.  Any such "prejudice" is readily avoidable.  For example, the court can grant the motion on the condition that the withdrawing attorney provide to opposing counsel his former client's physical address, electronic mail address, and telephone number.

1    In order to move to withdraw representation, "a notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3(g)(3). In addition, the attorney seeking withdrawal must file a declaration pertaining to such service. Id. Defective service or failure to file the required declaration of service will result in a denial of the motion. Id.

Mr. Bell filed the motion and his declaration in support thereof on December 6, 2006. See Docket No. 15. Although Mr. Bell's declaration does not address the issue of service, the proof of service filed December 19, 2006 is signed under penalty of perjury by an individual, Raul Gonzalez, Jr., who is over 18 years of age and not a party. This satisfies the "declaration pertaining to such service" provision of the local rule.

With respect to notice, Mr. Bell served his clients with notice on December 19, 2006, sent by regular mail to his clients' Escondido address. The motion was set to be heard on January 12, 2007, which is less than 31 days after December 19, 2006. Since Mr. Bell failed to give timely notice of the motion to his clients, the motion must be denied. CivLR 83.3(g)(3).

**III.    CONCLUSION**

For the foregoing reasons, the court **DENIES** the motion without prejudice.

**IT IS SO ORDERED.**

DATED: January 16, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties

-3-   06cv1111